UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-1915(DSD/LIB)

Marc Hall,

       Plaintiff,

v.                                                    **ORDER**

Ramsey County; Eric Earl Anderson,
individually and in his official
capacity; Roy Irving, individually
and in his official capacity; Melissa
Jimenez, individually and in her
official capacity and Jodi Leifeld,
individually and in her official capacity,

       Defendants.


This matter is before the court upon the application of plaintiff Marc Hall to proceed in forma pauperis (IFP) before the Eighth Circuit.

A litigant who seeks to be excused from paying the filing fee for an appeal may apply for IFP status under 28 U.S.C. § 1915. See also Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the court finds that the litigant's appeal is not taken in "good faith." Id. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the court

must decide whether the claims to be decided on appeal are factually or legally frivolous. Id. at 445. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Hall's IFP application indicates that his only monthly income is $1103.00 in disability assistance. ECF No. 56, at 2. The application also indicates that Hall has $8.00 in a bank account and no other assets that could be used to pay the filing fee and costs for his appeal. As a result, the court finds that Hall is financially eligible for IFP status.

Although the court remains fully satisfied that this action was properly dismissed, Hall's appeal is not "frivolous" as that term has been defined by the Supreme Court. As a result, the appeal is considered to be taken "in good faith" for purposes of 28 U.S.C. § 1915(a)(3). Accordingly, **IT IS HEREBY ORDERED** that the application to proceed IFP [ECF No. 56] is granted.

Dated:   August 26, 2014

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court